## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEIGH ANN COLEMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 3:19-cv-1405 |
| | ) |
| v. | ) Judge: |
| | ) |
| CONN'S APPLIANCES, INC., | ) Magistrate: |
| | ) |
| Defendant. | ) Division: |

## PLAINTIFF'S COMPLAINT

Plaintiff, LEIGH ANN COLEMAN ("Plaintiff"), through her attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, CONN'S APPLIANCES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 47 U.S.C. § 227.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual residing in Monroe, Louisiana and is a person as defined by 47 U.S.C. § 153.

5. Defendant is a Texas Corporation, doing business in Louisiana, and is a person as defined by 47 U.S.C. § 153.

## FACTUAL ALLEGATIONS

6. In or around July of 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

7. Plaintiff never provided consent, express or otherwise, to receive calls from Defendant.

8. In or around September of 2017, Plaintiff answered a call from Defendant and told Defendant to stop calling.

9. In the above-referenced call, Plaintiff revoked any consent that Defendant may have believed it had to call Plaintiff.

10. Despite Plaintiff's demand that the calls stop, Defendant continued to call Plaintiff.

11. Plaintiff demanded the calls stop on multiple occasions in the following months.

12. Upon answering calls from Defendant, Plaintiff was met with a prerecorded message before someone came on the line.

13. Defendant's calls were placed using a prerecorded or artificial voice message.

14. Based on the nature and frequency of the calls, upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

15. Defendant's calls were not placed for emergency purposes.

16. Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

## VIOLATIONS OF THE TCPA

17. The preceding paragraphs are incorporated as if fully stated herein.

18. Defendant is liable under 47 U.S.C. § 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

19. These calls were made knowingly and willfully.

## DEMAND FOR JURY TRIAL

20. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all calls to Plaintiff.

2. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.

3. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.

4. All costs and attorney's fees incurred by Plaintiff.

5. Any other relief that this Court deems appropriate.

Dated: October 30, 2019 Respectfully submitted,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq.
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff